**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STATE TROOPER FRATERNAL ASSOCIATION, et al., | : : : | CIVIL ACTION NO. 08-3820 (MLC) |
| Plaintiffs, | : : | |
| v. | : : | **ORDER TO SHOW CAUSE** |
| STATE OF NEW JERSEY, et al., | : : | |
| Defendants. | : : | |

**IT APPEARING** that the plaintiffs' employer, the Division of State Police, suspended plaintiffs' employment without pay on October 14, 2009, pending the outcome of disciplinary proceedings in the New Jersey State Police Office of Professional Standards (dkt. entry no. 47, Jones Cert., Ex. F, 10-13-09 Letter from Maj. Caughey to Charles Sciarra); and the plaintiffs contesting the charges outlined in the disciplinary proceedings (Jones Cert., Ex. E; dkt. entry no. 58, DiFrancesco Cert., Ex. A); and it appearing that the Superintendent of the Division of State Police has referred the matter from the Office of Professional Standards to the New Jersey Office of Administrative Law (DiFrancesco Cert. at ¶ 13 & Ex. B; dkt. entry no. 59, Supp'l Reply Cert. of David Jones, Exs. I & J); and

**THE COURT** being concerned that the subject matter of this federal action is or will be the subject matter of the proceeding currently pending in the New Jersey Office of Administrative Law,

see L.Civ.R. 11.2 (requiring party to advise whether matter in controversy is subject of, inter alia, court action, arbitration, or administrative proceeding elsewhere); and

**IT APPEARING** that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it also appearing that a district court should stay a federal action – rather than dismiss the complaint – if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating that district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J. 1994) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209

(3d Cir. 2002) (stating same); N.J.Ct.R. 2:2-3 (setting forth procedure for appellate review of administrative decisions); and

**THE COURT** noting that the parties have addressed the issue of Younger abstention in their opposition and reply papers regarding the pending Order to Show Cause why a preliminary injunction should not be granted (dkt. entry no. 48, Order to Show Cause), but Defendants have not made a formal motion for dismissal or a stay pending resolution of the proceedings in the New Jersey Office of Administrative Law (see dkt. entry no. 47, Motion for Order to Show Cause; dkt. entry no. 58, Response to Order to Show Cause; dkt. entry no. 61, Reply Brief in Further Support of Order to Show Cause); and the Court thus intending to order the parties to (1) advise whether the subject matter of this federal action is or will be the subject matter of an appeal or administrative proceeding elsewhere, and (2) show cause – if indeed the subject matter herein is or will be the subject matter of an appeal or administrative proceeding elsewhere – why this federal action should not be stayed or dismissed; and for good cause appearing;

**IT IS THEREFORE** on this    12th    day of November, 2009, **ORDERED** that the parties will (1) **ADVISE** whether the subject matter herein is or will be the subject matter of an appeal or proceeding elsewhere, and (2) **SHOW CAUSE,** if indeed the subject matter herein is or will be the subject matter of an appeal or proceeding elsewhere, why this federal action should not be stayed or dismissed; and

**IT IS FURTHER ORDERED** that the parties may, but are not required to, file a response to this Order to Show Cause no later than 5:00 p.m. on November 20, 2009; and may file any reply no later than 12:00 p.m. December 2, 2009; and

**IT IS FURTHER ORDERED** that oral argument on this Order to Show Cause will occur at 10:00 a.m. on December 3, 2009, at which time the Court will also hear the parties' arguments on the Order to Show Cause why a preliminary injunction should not issue (dkt. entry no. 48).

                                                      s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge